GREGORY J. RYKEN, ESQ. (SBN 058199)
CHRISTOPHER A. NEDEAU, ESQ. (SBN 81297)
LAW OFFICES OF GREGORY J. RYKEN
750 Battery Street, 7th Floor
San Francisco, California 94111
Telephone: (415) 524-0070

Attorneys for PLAINTIFF
FRANCIS WANG, individually and as
Trustee of WFT-TNG, a California Trust

TIMOTHY M. FLAHERTY, ESQ. (SBN 99666)
MELISSA M. PALOZOLA, ESQ. (SBN 278858)
One Embarcadero Center, Suite 400
San Francisco, CA 94111
Telephone: (415) 984-8500

Attorneys for DEFENDANT,
Martha Kongsgaard individually and as Trustee of the
Martha Kongsgaard GST Exempt Trust U/T/A
Dated October 21, 1993

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCIS WANG, individually and as Trustee of WFT-TNG, a California Trust <br><br> Plaintiff(s), <br><br> vs. <br><br> MARTHA KONGSGAARD, individually and as Trustee of The Martha Kongsgaard GST Exempt Trust U/T/A dated October 21, 1993 <br><br> Defendant(s). | Case Number: 3:19-cv-00907 JSC <br><br> **JOINT STATUS REPORT & [PROPOSED] ORDER** |

The parties to the above-entitled action jointly submit this JOINT STATUS REPORT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California and this Court's May 15, 2019 order staying the action.

JOINT STATUS REPORT & [PROPOSED] ORDER

Page **1** of **8**

PLAINTIFF'S POSITION

1. <u>Jurisdiction & Service</u>

Complaint in the above-captioned case concerns real property located in Napa County, California. It was filed on February 19, 2019 based on diversity jurisdiction with an amount in controversy which exceeds $75,000. No counterclaim has been filed and there are no known issues regarding personal jurisdiction or venue. All parties have been served. No answer has been filed because on May 15, 2019 this court granted defendant's motion for a stay of this case pending the state court proceedings. Attendant to the stay, this court ordered that an interim joint status report be filed every 180 days during the pendency of the related state court action filed in Napa County Superior Court (case no. 19 CV 000286).

2. <u>Facts</u>

Plaintiff owns real property at 460 Stonecrest Drive, Napa, CA. Defendant owns adjacent property at 550 Stonecrest Drive, Napa, California. The properties share a common boundary to the north and east of the 460 Stonecrest property and the south and west of the 550 Stonecrest property.

In the mid-1990's, Plaintiff constructed improvements on 550 Stonecrest Drive that stabilized the hillside, thereby protecting Plaintiff's home on 460 Stonecrest Drive from falling rocks, and that reduced the danger of fire and that have allowed Plaintiff to use the area of the improvements for recreational purposes. Plaintiff alleges that Plaintiff has easement rights over the area that Plaintiff improved. Plaintiff also alleges that Defendant has also encroached upon the road on Plaintiff's property at 460 Stonecrest by breaching a water pump agreement and encroaching on an electrical utility power line.

On or about May 28, 2010, Defendant wrote to Plaintiff inviting an offer to purchase a portion of the 550 Stonecrest property, including the portion of the property occupied

by Plaintiff's improvements. Terms of purchase were negotiated between the parties and a final contract was agreed upon. On July 8, 2010 Plaintiff prepared the agreement for the purchase of a 12-acre portion of the 550 Stonecrest property for $400,000 with tender of $7,500.00 earnest money. John Kongsgaard, on behalf of himself, Defendant, and Mary Kongsgaard, signed the purchase agreement on September 8, 2010. Subsequently, Defendant repudiated the executed purchase agreement.

Principal facts in dispute include: the validity of the contract for the purchase of 12 acres of 550 Stonecrest, Plaintiff's easement rights or whether Plaintiff is liable for trespass or nuisance on Defendant's property, whether Defendant interfered with Plaintiff's easement rights, whether Defendant's agents trespassed on Plaintiff's property interfering with the water pump and strip plantings and cutting down trees; and whether Defendant willfully concealed and intentionally omitted disclosure of material facts to induce Plaintiff to rely on the executed purchase agreement to his detriment.

3. <u>Legal Issues</u>

- The existence and enforceability of the purchase agreement signed by Defendant on September 8, 2010.
- The existence and enforceability of Plaintiff's easement rights in the area of Defendant's property occupied by Plaintiff's improvements.
- Did Defendant's actions interfering with the water pump constitute trespass?
- Whether those individuals who stripped plantings and cut down trees on Plaintiff's property were agents of Defendant.
- Do the misrepresentations and omissions in the negotiation and sale of 12 acres of property to Plaintiff constitute fraud?

4. <u>Motions</u>

No motions are pending.

5. <u>Amendment of Pleadings</u>

Until the stay is lifted and a verified answer is filed, defenses or counterclaims are unknown. No amendment of the complaint is contemplated presently.

6. <u>Evidence Preservation</u>

The Guidelines Relating to the Discovery of Electronically Stored Information have been reviewed. Because of the court's stay the parties have not met and conferred regarding preservation of evidence. However, discovery is ongoing in state court, and there is no known issue of destruction of evidence.

7. <u>Disclosures</u>

Due to the pending stay compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description thereof has not been required.

8. <u>Discovery</u>

No discovery in federal court has occurred. State court discovery in Napa Superior Court case no. 19CV000286 is ongoing. Each party has served the other with a 1st set of requests for admissions, form interrogatories, special interrogatories, and demands for inspection of documents, and each party has responded to those discovery requests.

9. <u>Class Actions</u>

Not applicable.

10. <u>Related Cases</u>

There are no related cases filed in federal court. The Napa County Superior Court case no: 19CV000286 is a related case pending before another court.

11. <u>Relief</u>

Because of the pending stay, relief as described in the complaint is not presently sought in this action and damages which are the subject of ongoing discovery in state court have not been ascertained. Plaintiff reserves the right to amend this response after the stay is rescinded and/or discovery is undertaken and completed.

12. <u>Settlement and ADR</u>

Since the case is stayed, no provisions for settlement, ADR efforts, or a specific ADR plan for the case, including a proposed deadline have been discussed or selected.

13. <u>Consent to Magistrate Judge For All Purposes</u>

Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment. ___ ___ NO

14. <u>Other References</u>

Presently, the case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues</u>

Not applicable.

16. <u>Expedited Trial Procedure</u>

Not applicable.

17. <u>Scheduling</u>

Not Applicable.

18. Trial

There is no trial date in this court or in state court. However, a jury trial is requested for an approximate two-week trial.

19. Disclosure of Non-party Interested Entities or Persons

A Certification of Interested Entities or Persons has not been filed as required by Civil Local Rule 3-15 because on behalf of Plaintiff there is no persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding..

20. Professional Conduct

The attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

DEFENDANT'S POSITION:

Defendant submits this status report in compliance with this Court's May 15, 2019, Order staying this action and requesting a joint status report every 180 days. Defendant disagrees with Plaintiff's assessment that this case is set for a case management conference as the Court stayed the matter and simply requested a joint status report until the state proceedings concluded.

The parties are currently litigating the instant dispute in Napa County Superior Court, in *Kongsgaard v. Wang, et al.* Case No. 19CV000286. The parties have served each other with a 1st set of requests for admissions, form interrogatories, special interrogatories, and demands for inspection of documents, and each party has responded to those discovery requests

      Defendant anticipates that the Napa County Superior Court Case will be set for trial in the Spring or the Summer of 2020 and that the matter will conclude in state court.

Dated: November 13, 2019        /s/ Gregory J. Ryken  
                                           GREGORY J. RYKEN, ESQ.  
                                           Counsel for Plaintiff

Dated: November 13, 2019        /s/Timothy M. Flaherty  
                                           TIMOTHY M. FLAHERTY, ESQ.  
                                           Counsel for Defendant

PROPOSED ORDER

The above JOINT STATUS REPORT & PROPOSED ORDER is approved for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated:

---

HONORABLE CHIEF MAGISTRATE JUDGE

JOSEPH C. SPERO