1   TIMOTHY M. FLAHERTY (SBN 99666)
    MELISSA M. PALOZOLA (SBN 278858)
2   CLARK HILL LLP
    One Embarcadero Center, Suite 400
3   San Francisco, CA 94111
    Telephone:    (415) 984-8500
4   Facsimile:    (415) 984-8599
    Email: tflaherty@clarkhill.com
5   Email: mpalozola@clarkhill.com

6   Attorneys for Defendant,
    MARTHA KONGSGAARD, individually
7   and as Trustee of The Martha Kongsgaard
    GST Exempt Trust U/T/A dated October 21, 1993

8
                    UNITED STATES DISTRICT COURT
9
                  NORTHERN DISTRICT OF CALIFORNIA
10

11

12  FRANCIS WANG, individually and as Trustee     Case No. 3:19-cv-00907-AGT
    of WFT-TNG, a California Trust,
13                                                **MEMORANDUM OF POINTS AND**
                                    Plaintiff,    **AUTHORITIES IN OPPOSITION TO**
14                                                **PLAINTIFF'S MOTION FOR LEAVE TO**
            v.                                    **AMEND AND SUPPLEMENT**
15                                                **COMPLAINT AND TO TERMINATE STAY**
                                                  **OF PROCEEDINGS**
16  MARTHA KONGSGAARD, individually and
    as Trustee of The Martha Kongsgaard GST
17  Exempt Trust U/T/A dated October 21, 1993     Date:        November 6, 2020
                                                  Time:        10:00 a.m.
18                                  Defendant.    Courtroom: A
                                                  Judge:       Hon. Alex Tse
19

20

21

22

23

24

25

26

27

28
                                        0

# TABLE OF CONTENTS

I.   INTRODUCTION ..................................................................................................3

II.   THE PARTIES.....................................................................................................4

III.   PROCEDURAL BACKGROUND.......................................................................4

IV.   PLAINTIFF'S AMENDED COMPLAINT ALLEGATIONS ...........................6

V.   LEGAL ANALYSIS............................................................................................7

     A.   Plaintiff Fails To Meet His Legal Burden To Overturn This Court's Order Staying This Case. .................................................................7

     B.   Plaintiff's Amendment Is Sought In Bad Faith And Is Futile. .............11

     C.   Plaintiff And Counsel Are Subjection To Sanctions Under Rule 11....13

VI.   CONCLUSION...................................................................................................14

ClarkHill\95723\260943238.v2

# TABLE OF AUTHORITIES

**Cases**

California Pac. Bank v. Bank of Am.
2009 WL 1626378, at *4
(N.D. Cal. June 8, 2009) ....................................................................................... 11

Colorado River Water Conservation District v. United States
424 U.S. 800, 817 (1976)............................................................................... 8, 9, 11

Cooter & Gell v. Hartmarx Corp.
496 U.S. 384 (1990)............................................................................................... 14

DeHorney v. Bank of Am. Nat. Tr. & Sav. Ass'n
879 F.2d 459 (9th Cir. 1989) ................................................................................... 9

Gallagher v. Dillon Grp. 2003-I
No. CV-09-2135-SBA, 2010 WL 890056, at *3
(N.D. Cal. Mar. 8, 2010) ........................................................................................ 11

In re Western States Wholesale Natural Gas Antitrust Litig.
715 F3d 716 (9th Cir. 2013) .................................................................................. 12

Interstate Material Corp. v. City of Chicago
47 F.2d 1285 (7th Cir. 1988) ................................................................................. 11

John v. Mammoth Recreations, Inc.
975 F. 2d 604 (9th Cir. 1992) ................................................................................ 12

Moses H. Cone Memorial Hospital v. Mercury Construction Corp.
460 U.S. 1, 23, 26 (1983) ......................................................................................... 9

Sathianathan v. Smith Barney, Inc.
Case No. 04-02130 SBA, 2009 U.S. Dist. LEXIS 20354, at *30-31.
(N.D. Cal. Mar. 2, 2009) ........................................................................................ 11

Travelers Cas. & Sur. Co. of Am. v. Comerica Bank
No. CIV S-08-366 FCD/KJM, 2009 WL 2136922, at *3
(E.D. Cal. July 15, 2009) .................................................................................. 9, 11

United Nat'l Maint., Inc. v. San Diego Convention Ctr. Corp.
Case No. 07-2172 AJB, 2012 U.S. Dist. LEXIS 126205, at *8-9
(S.D. Cal. Sept. 5, 2012)........................................................................................ 11

**Statutes**

42 United States Code
Section 1981 ........................................................................................................ 7, 9
Section 1985 ............................................................................................................. 8
Section 1985(3)........................................................................................................ 8

**Other Authorities**

Federal Civil Procedure Before Trial (The Rutter Group Practice Guide)
Chapter 2A-3............................................................................................................ 9

Federal Rules of Civil Procedure:
Rule 11 ........................................................................................................... 1, 7, 14

**MEMORANDUM IN OPPOSITION TO MOTION FOR LEAVE TO AMEND AND SUPPLEMENT
COMPLAINT AND TO TERMINATE STAY OF PROCEEDINGS**
CASE NO.  3:19-CV-00907-AGT

ClarkHill\95723\260943238.v2

1    Defendant Martha Kongsgaard, individually and as Trustee of The Martha Kongsgaard

2    GST Exempt Trust U/T/A dated October 21, 1993 ("Kongsgaard") respectfully submits this

3    Memorandum of Points and Authorities in Opposition to Plaintiff Francis Wang's ("Plaintiff")

4    Motion for Leave to Amend and Supplement Complaint and to Terminate Stay of Proceedings

5    ("Motion.")

6    **I.    INTRODUCTION**

7    In a transparent attempt to sidestep this Court's prior order staying this case, Plaintiff

8    brings this sham Motion to lift the stay and amend his complaint solely to obfuscate the

9    underlying real property issues in dispute between the parties and drive up Kongsgaard's

10   attorney's fees and costs. Rather than take accountability for his bad acts and remediate the

11   illegal construction and damage that he has caused to Kongsgaard's property, Plaintiff now once

12   again tries to point the finger at someone else for the problems that he alone created.

13   Plaintiff's Motion should be denied. First, Plaintiff as the moving party bears the burden

14   of demonstrating that this matter should not be stayed under the *Colorado River* Doctrine.

15   Plaintiff utterly fails to do so and in fact concedes that the federal action and state action arise out

16   of the same facts and circumstances. (Motion, p. 7, lines 18-20.) The crux of each of one of

17   Plaintiff's claims is alleged racial discrimination based on enforcement of an alleged contract

18   with Kongsgaard to sell him real property and his easement rights in real property, which are

19   being adjudicated in the state court proceeding. Thus, his claims in this action rise or fall on the

20   state court's adjudication of the parties' underlying legal rights to the real property at issue.

21   Second, Plaintiff fails to meet his burden to amend his complaint because the amendment

22   is sought in bad faith and is futile. Plaintiff's amendment merely obfuscates the issues and fails

23   to demonstrate any colorable cause of action against Kongsgaard as a matter of law. (Declaration

24   of Melissa M. Palozola, hereinafter "Decl. of M. Palozola," ¶ 6.)

25   Finally, Plaintiff and his counsel should be sanctioned for their improper attempt to

26   relitigate the stay in this action, seeking to amend the stayed complaint with baseless and

27   frivolous "civil rights" charges, and for intentionally misleading this Court in misstating the facts

28

3

**MEMORANDUM IN OPPOSITION TO MOTION FOR LEAVE TO AMEND AND SUPPLEMENT**
**COMPLAINT AND TO TERMINATE STAY OF PROCEEDINGS**

CASE NO.  3:19-CV-0907-AGT

and truncating the email correspondence between the parties put forth in support of his amended complaint. (Id.)

II.     THE PARTIES

• Plaintiff Francis Wang and Laura Wang (or Young) reside at 460 Stonecrest Drive. They have been cited by Napa County for illegal construction performed without permits on their property. (Request for Judicial Notice, hereinafter "RJN," ¶ 17, Ex. Q.)

• Defendant Kongsgaard owns 550 Stonecrest Drive and is married to Peter Goldman (referred to collectively, as "Kongsgaard.") (RJN, ¶ 16, Ex. P.) Kongsgaard was similarly cited by Napa County for 2.5 acres of illegal encroachments constructed entirely by Plaintiff without Kongsgaard's permission or knowledge.[1] (Id.) Kongsgaard seeks *inter alia* to quiet title to her property in Napa County Superior Court Case No. 19CV000286 filed on February 15, 2019. (RJN, ¶ 1, Ex. A.)

• Proposed Defendant Peter Brian Peletta resides at 440 Stonecrest Drive. Mr. Peletta has been sued by Plaintiff in Napa County Superior Court Case No. 19CV30024 filed on February 27, 2019. (RJN, ¶ 7, Ex. G.) Peletta was similarly cited by Napa County for illegal encroachments constructed entirely by Plaintiff without Peletta's permission or knowledge. (RJN, ¶ 18, Ex. R.)

• Proposed Defendant Al Czap is alleged by Plaintiff to reside at 600 Stonecrest Drive. (Proposed First Amended Complaint, hereinafter, "FAC," p. 3.)

III.     PROCEDURAL BACKGROUND

On May 15, 2019, this Court stayed this action pending the outcome of the state court proceeding holding, in part, as follows:

> It is appropriate to stay this case pending the state court litigation. Permitting this case to proceed in whole or part while a substantially similar case involving the same property is simultaneously litigated in state court would not serve Rule 1's admonition that the Court ensure that just, speedy, and inexpensive determination of every action and proceeding." (Fed. R. Civ. P. 1.) Accordingly, this case is STAYED pursuant to <u>Colorado River</u>. (RJN, ¶ 4, Ex. D, p. 10-11.)

---

[1] Napa County is, evidently, patiently awaiting resolution of the state court quiet title action before proceeding to enforce these Wang-caused building code violations.

1    The Court further ordered the parties to submit a joints status report every 180 days

2    pending the conclusion of the state court proceedings. (Id.)

3    On November 13, 2019, the parties submitted a joint status report updating this Court on

4    the state proceedings. (RJN, ¶ 11, Ex. K.) In that report, Plaintiff affirmatively represented to this

5    Court that he had no intention of amending his complaint. (Id.) As of the date he made that

6    affirmative representation to this court, Plaintiff was in possession of all documents upon which

7    he bases his proposed amended pleading. (Id.; Decl. of M. Palozola, ¶ 9, Ex. 6; ¶10.)

8    On September 1, 2020—roughly thirty days before he filed this Motion—Plaintiff

9    submitted a second joint status report to this Court. (RJN, ¶ 12, Ex. L.) In that status report,

10   Plaintiff affirmatively represented that "the [federal] matter will conclude in state court and

11   obviate the need to litigate in this court." (Id.)

12   The state court action *Kongsgaard v. Wang, et al*. is currently set for trial on March 18,

13   2020, before Judge Victoria Wood. (Decl. of MMP, ¶ 5.) Written discovery between the parties

14   and production of records from third-party subpoenas are nearing conclusion. (Id.) Party

15   depositions are proceeding and set to conclude in October. (Id.)

16   In addition to the Kongsgaard real property, Plaintiff also illegally encroached on

17   proposed Defendant Peter Brian Peletta's property and sued him on February 27, 2019, in Napa

18   County Superior in *Francis Wang, et al. v. Peter Brian Peletta,* Case No. 19CV000324. (RJN, ¶

19   7, Ex. G; ¶ 18, Ex. R) Notably, Plaintiff has been personally sanctioned by the state court for his

20   abuse of the discovery process in that action.[2] (RJN, ¶, Ex. J.) That case is set for trial in less

21   than thirty days on November 12, 2020, also before Judge Victoria Wood. (Decl. of MMP, ¶ 4.)

22   On October 7, 2020, Plaintiff proceeded to file a motion to seek leave to file a first

23   amended cross-complaint against Martha Kongsgaard in the state court proceeding. (RJN, ¶ 13,

24   Ex. M.) In his proposed first amended cross-complaint in the state court action, Wang seeks *inter*

25   *alia* to add Mr. Al Czap as a party to the state court proceeding. (Id.)

26   [2] Despite the State Court order on September 3, 2020, sanctioning Plaintiff $1,810 for his abuse
     of the discovery process, Plaintiff has still not paid these sums to Mr. Peletta. (Decl. of M.

27   Palozola, ¶ 11.) Per court order the funds were due to Mr. Peletta on or before September 13,
     2020. (RJN, ¶ 10, Ex. J.)

28

**MEMORANDUM IN OPPOSITION TO MOTION FOR LEAVE TO AMEND AND SUPPLEMENT
COMPLAINT AND TO TERMINATE STAY OF PROCEEDINGS**

CASE NO.  3:19-CV-00907-AGT

ClarkHill\95723\260943238.v2

On October 8, 2020, Kongsgaard wrote Plaintiff, informed him of the deficiencies with his Motion and proposed allowing him leave to amend his complaint in this case provided the action would remain stayed pending the state court proceeding. (Decl. of M. Palozola, ¶ 6, Ex.1.) Kongsgaard also offered to refrain from seeking sanctions under Rule 11 in the event the Plaintiff agreed to stay the federal court action pending resolution of the encroachment and contract claims in state court. (Id.)

Plaintiff refused and on October 13, 2020, Plaintiff wrote Kongsgaard stating that a meet and confer was required prior to filing a Rule 11 request for sanctions. (Decl. of M. Palozola, ¶ - 7.) On October 14, 2020, Kongsgaard requested that Plaintiff delay the hearing date on this Motion to allow the parties time to meet and confer. (Decl. of M. Palozola, ¶ 8, Ex. 2.) As of the time this Opposition has been filed, no response has been received from Plaintiff. (Id.)

## IV.    PLAINTIFF'S AMENDED COMPLAINT ALLEGATIONS

Plaintiff's proposed first amended complaint in this case alleges the following causes of action against Martha Kongsgaard, Peter Goldman, Al Czap and Peter Peletta: (1) Racial Discrimination in the Making or Enforcement of Contract; (2) Racial Discrimination in Real Property Transactions; (3) Conspiracy to Deprive Equal Protection Under the Laws; and (4) Failure to Prevent Conspiracy to Deprive Equal Protection Under the Laws. The crux of each of these allegations is based on the underlying facts and legal allegations in dispute and pending before Judge Victoria Wood in Napa Superior Court.

Plaintiff's first cause of action alleges a violation of 42 U.S.C. § 1981 against the Kongsgaards. The crux of the allegations against Kongsgaard are that Kongsgaard "would have complied with the PURCHASE AGREEMENT and allowed Plaintiffs[3] the benefits, privileges, terms and conditions thereof" and sold Plaintiffs 550 Stonecrest Drive but for Plaintiffs' race. (FAC, p. 12, lines 7-11.) Plaintiff's second cause of action alleges a violation of 42 U.S.C. § 1982 against the Kongsgaards. The crux of the allegations are that "Kongsgaard refused to

---

[3] Plaintiff seeks to join his wife, Laura Wang, as an additional plaintiff in this action. Thus, the Wangs are collectively referred to as "Plaintiffs" in reference to the proposed first amended complaint where appropriate.

**MEMORANDUM IN OPPOSITION TO MOTION FOR LEAVE TO AMEND AND SUPPLEMENT COMPLAINT AND TO TERMINATE STAY OF PROCEEDINGS**
CASE NO.  3:19-CV-00907-AGT

comply with the executed Purchase Agreement and denied Plaintiffs' rights as provided therein" and further that Kongsgaard has "interfer[ed] with the maintenance of the water pump on 460 Stonecrest, interfer[ed] with the work of Plaintiffs' gardeners in the easement area of 550 Stonecrest, strip[ed] out trees and plantings which provided cover from the road on or near the front of 460 Stonecrest, trespass[ed] on 460 Stonecrest without permission or consent." (FAC, p. 13, lines 6-24.)

Plaintiff's third cause of action alleges a violation of 42 U.S.C. § 1985(3) against the Kongsgaards, Mr. Peletta and Mr. Czap. The crux of the allegations again are that Plaintiffs have been "denied the right to make and enforce a contract to purchase real property, to purchase and hold real property, and quiet enjoyment of the same" and, further, plaintiffs have been deprived "the use and enjoyment of their easement and 460 Stonecrest" as a result of the communications between the parties and Napa County surrounding the code violation enforcement actions against the Plaintiffs for their illegal construction. (FAC, p. 14 line 28, p. 15 lines 1-8.) Plaintiff's fourth cause of action alleges a violation of 42 U.S.C. § 1985 against the Kongsgaards, Mr. Peletta and Mr. Czap. The crux of the allegations again are that Kongsgaard has engaged in racial animus and, as a result, "Plaintiffs have been denied the right to make and enforce contracts and purchase and hold real property, and PLAINTIFFS have suffered the loss of personal property and the fruits of their labor, anguish, humiliation, distress, inconvenience, and loss of enjoyment" because of Kongsgaard's actions. (FAC, p. 18, lines 18-22.)

## V.   LEGAL ANALYSIS

### A.   Plaintiff Fails To Meet His Legal Burden To Overturn This Court's Order Staying This Case.

The *Colorado River* doctrine provides that in the presence of a concurrent state court proceeding, a federal court can abstain from hearing an action based on "considerations of [w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." (*Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976).) The Supreme Court has set forth various factors that a district court should consider when assessing the appropriateness of a stay or dismissal in light of concurrent

ClarkHill\95723\260943238.v2

1    state court proceedings. These factors include (1) assumption by either court of jurisdiction over

2    the res or property at dispute in the lawsuit, (2) the inconvenience of the federal forum, (3) the

3    desirability of avoiding piecemeal litigation, and (4) the order in which jurisdiction was obtained

4    by the concurrent forums. (*Id*. at 818.) In *Moses H.*, the court also found relevant to the inquiry

5    (5) whether federal law provides the decision on the merits, and (6) the probable inadequacy of

6    the state court proceeding to protect the parties' rights. (*Moses H. Cone Memorial Hospital v.*

7    *Mercury Construction Corp.,* 460 U.S. 1, 23, 26 (1983).)

8        However, "[n]o one factor is necessarily determinative; a carefully considered judgment

9    taking into account both the obligation to exercise jurisdiction and the combination of factors

10   counseling against that exercise is required." (*Colorado River* 424 U.S. at 818–19 (citing *Landis*

11   *v. N. Am. Co*., 299 U.S. 248, 254–55, (1936).) The factors are "to be applied in a pragmatic,

12   flexible manner with a view to the realities of the case at hand." (*Moses H*., 460 U.S. at 21;

13   *Travelers Cas. & Sur. Co. of Am. v. Comerica Bank*, No. CIV S-08-366 FCD/KJM, 2009 WL

14   2136922, at *3 (E.D. Cal. July 15, 2009).)

15       Here, Plaintiff seeks to remove all state law claims from his complaint and replace them

16   entirely with federal law claims.[4] Plaintiff argues that the only reason this Court stayed this

17   action was because of the risk of conflicting outcomes and that because he now alleges federal

18   civil rights claims this risk is no longer present. Notably, this is the only argument advanced by

19   Plaintiff in support of his Motion to lift the stay. (Motion, p. 7, lines 16-27.)

20       Plaintiff's argument is flawed and ignores the underlying facts and claims made in

21   support of his amended causes of action. First, as set forth more fully above in Section IV, *supra*,

22   the crux of each of one of Plaintiff's claims is racial discrimination based on enforcement of an

23   alleged contract with Kongsgaard to sell him real property, easement rights in 440 Stonecrest

24   Drive or 550 Stonecrest Drive, and trespass and interference on his own property, 460 Stonecrest

25

26   [4] State courts enjoy concurrent jurisdiction over section 1981, *et. seq*. and federal civil rights
     claims as alleged by Plaintiff herein. (*DeHorney v. Bank of Am. Nat. Tr. & Sav. Ass'n*, 879 F.2d
27   459, 463 (9th Cir. 1989); Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 2A-3.)

28

**MEMORANDUM IN OPPOSITION TO MOTION FOR LEAVE TO AMEND AND SUPPLEMENT**
**COMPLAINT AND TO TERMINATE STAY OF PROCEEDINGS**

Drive. All of these legal issues are currently being adjudicated in the state court proceeding. Thus, whether or not the claims in this action have any merit will depend entirely on the judgment in the state court proceedings regarding the disposition of the respective parties' legal rights to the real property.

For example, Kongsgaard cannot as a matter of law be found to have interfered with Plaintiff's contract rights to purchase a portion of 550 Stonecrest Drive (based on racial animus or otherwise) if the <u>state</u> court finds that no contract exists between the parties in the first place. Similarly, Kongsgaard cannot be found to have interfered with Plaintiff's easement rights in 550 Stonecrest Drive (based on racial animus or otherwise) if the <u>state</u> court finds that Plaintiff has no easement or other property rights in 550 Stonecrest Drive. In sum, all of the amended causes of action alleged in this case rise and fall on the adjudication of the underlying legal issues set for trial on March 18, 2021, before Judge Victoria Wood in Napa County Superior Court. Whether the Kongsgaards had a right to defend their property boundary and whether they complied with the alleged agreement to sell additional land to the Wangs are crucial state court determinations that should and indeed must be adjudicated first.  This is precisely why Plaintiff's federal court challenge—which the Kongsgaards consider frivolous and harassing—should continue to be stayed.

Indeed, courts stay cases implicating *in rem* proceedings such as this one precisely because it presents problems litigating the dispute when a sister court already has jurisdiction over the rights and obligations over the real property at issue.  Indeed, this Court aptly held as much in its May 15, 2019, Order when it decided to stay this action:

> When the proceedings are in rem or quasi in rem that factor is dispositive [in staying the action] because "the forum first assuming custody of the property as issue had exclusive jurisdiction to proceed." <u>40235 Washington Street Corp.</u> (citing <u>Colorado River</u>, 424 U.S. at 819.) This factor "applies when both forums exercise jurisdiction over the same property, and addresses the concern 'that parallel proceedings will result in inconsistent dispositions of [such property].'" *Montarnore*, 867 F. 3d at 1166 (quoting *Seneca Ins. Co., Inc. v. Strange Land, Inc.*, 862 F. 3d 835, 840 (9th Cir 2017)). Here, Defendant's state court complaint seek quite title to the 550 Stonecrest property, which is the same property that is the subject of Plaintiff's complaint in this court. " A quite title action is a proceeding in rem," so a stay of these proceedings is required. *40235 Washington Street Corp.*, 976 F. 2d at 589. (RJN, ¶ 4, Ex. D.)

1    Thus, while Plaintiff tries to skirt and obfuscate the real property issues in dispute by

2    couching his claims as claims based on racial animus, the underlying issue remains the same:

3    who holds a property right in the portions of real property and should Plaintiff obtain equitable,

4    declaratory and injunctive relief over that real property?

5    Tellingly, Plaintiff fails to address this issue anywhere in his Motion. Courts uniformly

6    hold that a party who fails to raise an argument in a motion waives that argument. (*See United*

7    *Nat'l Maint., Inc. v. San Diego Convention Ctr. Corp.,* Case No. 07-2172 AJB, 2012 U.S. Dist.

8    LEXIS 126205, at *8-9 (S.D. Cal. Sept. 5, 2012) (finding that a party waived its "waiver"

9    argument by not raising it in its opposition to motion for new trial); *Sathianathan v. Smith*

10   *Barney, Inc, Case No*. 04-02130 SBA, 2009 U.S. Dist. LEXIS 20354, at *30-31. (N.D. Cal. Mar.

11   2, 2009) (party waived argument by not raising it in its opposition to motion to confirm

12   arbitration award.)

13   Further, case law is clear that exact parallelism between the state court proceeding and

14   the federal court proceeding is not required to stay the action under the *Colorado River* doctrine.

15   (*See e.g*., *California Pac. Bank v. Bank of Am*., 2009 WL 1626378, at *4 (N.D. Cal. June 8,

16   2009) (denying motion to lift stay when, regardless of state court proceedings, the "same core

17   issue  . . . remains at the heart of both cases"); *Travelers Cas. & Sur. Co. of Am. v. Comerica*

18   *Bank*, 2009 WL 2136922, at *4 (E.D. Cal. July 15, 2009) (denying motion to lift stay when

19   "none of the subsequent developments in either of the two state court actions change the fact that

20   those actions and this action are substantially similar" and further that "the desirability of the

21   avoiding piecemeal litigation overwhelmingly supports issuance of a stay."); *Gallagher v. Dillon*

22   *Grp. 2003-I*, No. CV-09-2135-SBA, 2010 WL 890056, at *3 (N.D. Cal. Mar. 8, 2010.) citing to

23   *Interstate Material Corp. v. City of Chicago,* 847 F.2d 1285, 1288 (7th Cir. 1988) "[T]he two

24   proceedings are substantially similar ... [where] "substantially the same parties are

25   contemporaneously litigating substantially the same issues in another forum.")

26   Here, Plaintiff himself concedes that the cases arise out of the same facts and

27   circumstances as the pending state court proceeding. (*See e.g*., Motion, p. 7, lines 18-20, "the

28

**MEMORANDUM IN OPPOSITION TO MOTION FOR LEAVE TO AMEND AND SUPPLEMENT
COMPLAINT AND TO TERMINATE STAY OF PROCEEDINGS**

CASE NO.  3:19-CV-00907-AGT

1    federal civil rights claims arise out of the same facts and similar circumstances as the original

2    state law claims," and Motion, p. 5, lines 12-15, Plaintiff's claims "directly relate to the same

3    frustrated purchase agreement with Kongsgaard and claimed easement rights that initially gave

4    rise to the legal action.") And, tellingly, every single factual allegation that supports the basis of

5    Plaintiff's federal causes of actions either verbatim echoes the allegations in the state court

6    proceeding that is being adjudicated or implicates the real property dispute and communications

7    with Napa County's code enforcement team. Accordingly, by Plaintiff's own admission and by

8    his allegations as plead, this Court's stay should remain in place. And, as evidenced by the

9    above, the risk of inconsistent rulings and piecemeal litigation in this action is substantial.

10        Finally, there is no prejudice to Plaintiff if this action remains stayed. Plaintiff availed

11   himself of the state forum by initiating legal action as plaintiff in the *Wang, et al. v. Peletta*

12   matter. (RJN, ¶ 7, Ex. G.) He filed a cross-complaint in the state court action against Kongsgaard

13   and has now filed a motion for leave to amend his first amended cross-complaint against

14   Kongsgaard and to add Mr. Al Czap. (RJN) Trial in the *Peletta* matter is set less than thirty days

15   on November 12, 2020. (Decl. of M. Palozola, ¶ 4.) Trial in the Kongsgaard matter is set for

16   March 18, 2021. (Id. at 5.) At most, Plaintiff's case would be stayed five months while the state

17   court cases procced to trial. Indeed, it is hard to see Plaintiff's eleventh-hour Motion as nothing

18   other than a continued attempt to delay the parties' resolution of the real property disputes and

19   distract from the real issues at hand in Napa County Superior Court.

20        **B.    Plaintiff's Amendment Is Sought In Bad Faith And Is Futile.**

21        Leave to amend should be granted unless the amendment would cause prejudice to the

22   opposing party, is sought in bad faith, is futile, or creates undue delay. (*John v. Mammoth*

23   *Recreations, Inc.,* 975 F. 2d 604, 607 (9th Cir. 1992).) While leave to amend "shall be freely

24   given when justice so requires," it "is not to be granted automatically." (*In re Western States*

25   *Wholesale Natural Gas Antitrust Litig.* 715 F3d 716, 738 (9th Cir. 2013).)

26        Here, Plaintiff's Motion seeking leave to amend his complaint fails on its merits and is

27   therefore futile. In his proposed First Amended Complaint, Plaintiff alleges the following causes

28

**MEMORANDUM IN OPPOSITION TO MOTION FOR LEAVE TO AMEND AND SUPPLEMENT COMPLAINT AND TO TERMINATE STAY OF PROCEEDINGS**

CASE NO.  3:19-CV-00907-AGT

1   of action: (1) Racial Discrimination in the Making or Enforcement of Contract; (2) Racial

2   Discrimination in the Real Property Transactions; (3) Conspiracy to Deprive Equal Protection

3   Under the Laws; and (4) Failure to Prevent Conspiracy to Deprive Equal Protection Under the

4   Laws against Martha Kongsgaard and Peter Goldman. The crux of each of these allegations is

5   based solely on one email communication made in response to Mr. Al Czap's email wherein

6   Plaintiff predicted that Mr. Al Czap would die a violent death. (FAC, Exs. G & H; Decl. of M.

7   Palozola, ¶ 6, Ex.1.)

8        Plaintiff alleges that "newly discovered information" was obtained in the state court

9   action specifically in discovery document production which form the basis for him to amend his

10  complaint. (Motion, p. 5, lines  5-9.) However, Plaintiff has had all email communications he

11  bases his amendment and new factual allegations on for almost a year—since December of 2019.

12  (Decl. of M. Palozola, ¶ 9, Ex. 3, ¶ 10.)

13       Since that time, Plaintiff affirmatively represented to this Court just thirty days ago on

14  September 1, 2020—that "the [federal] matter will conclude in state court and obviate the need

15  to litigate in this court." (RJN, ¶ 12, Ex. L.) Accordingly, Plaintiff's belated argument that

16  purportedly "newly discovered information" supports his amendment is unsupported by the

17  evidentiary record in the state court proceeding at best and misleading to this Court at worst.

18       Moreover, Plaintiff deposed the Kongsgaards and their testimony at deposition revealed

19  no evidence of racial animus in any manner relative to this real estate dispute or otherwise.

20  (Decl. of M. Palozola, ¶ 12.) The Kongsgaards' email and verbal communications makes no

21  mention of Plaintiff's nationality. (Decl. of M. Palozola, ¶ 6.) The alleged discriminatory email

22  appended to the motion does not on its face reflect any racial animus or motivation for the

23  negotiating what is simply a "garden variety" property line and alleged breach of contract

24  dispute. On the contrary, the Kongsgaards words, at most, reflect their frustration with Plaintiff's

25  encroachment onto their property, the difficulties of reaching an amicable settlement with them,

26  and surprise at Plaintiff's threatening statements made to Mr. Czap. On the face of the pleading,

27  it is clear that Plaintiff's amendment is futile, brought in bad faith, and would only cause delay

28

1    and prejudice to Kongsgaard with an impending trial date in her state court action.

2         **C.      Plaintiff And Counsel Are Subjection To Sanctions Under Rule 11.**

3              Any pleading filed in federal court must be certified by an attorney who represents that

4    "to the best of the person's knowledge, information, and belief, formed after an inquiry

5    reasonable under the circumstances" the pleading is not presented for an improper purpose to

6    cause unnecessary delay or increase the costs of litigation, that the claims and legal contentions

7    are warranted by a nonfrivolous argument, and that the factual contentions have evidentiary

8    support. (Fed. R. Civ. Pro. § 11.)  Rule 11—after specifying, *inter alia*, that an attorney's

9    signature on a pleading constitutes a certificate that he has read it and believes it to be well

10   grounded in fact and legally tenable—provides that, if a pleading is signed in violation of the

11   Rule, the court "shall" impose upon the attorney or his client "an appropriate sanction, which

12   may include an order to pay to the other party or parties the amount of the reasonable expenses

13   incurred because of the filing of the pleading, ... including a reasonable attorney's fee." (*Cooter*

14   *& Gell v. Hartmarx Corp.*, 496 U.S. 384, 384 (1990).)

15             Here, Plaintiff's Motion to amend his complaint fails on all accounts. First, the

16   underlying dispute and factual allegations contained therein are based entirely on the

17   encroachment and contractual property disputes stayed in this action and already pending in

18   Napa County Superior Court, Case No. 19CV000286. The filing of this Motion is merely a

19   pretext to obfuscate the issues and propel a second round of motion practice between the parties

20   when this Court already adjudicated the matter and stayed the action on May 15, 2019.

21             Moreover, the exhibits affixed to Plaintiff's first amended complaint are intentionally

22   truncated and misleading. Exhibits H and G to the first amended complaint are the sole basis for

23   any factual assertion of racial animus levied against Kongsgaard; However, Plaintiff

24   intentionally omitted the full e-mail string between the parties. The full e-mail string between the

25   parties was initiated by Mr. Al Czap who transmitted a video recording wherein Plaintiff

26   predicted that Mr. Czap would die a violent death. (Decl. of M. Palozola, ¶6.) Intentionally

27   truncating the e-mail correspondence between the parties to misconstrue the parties'

28

**MEMORANDUM IN OPPOSITION TO MOTION FOR LEAVE TO AMEND AND SUPPLEMENT**
**COMPLAINT AND TO TERMINATE STAY OF PROCEEDINGS**
                                                        CASE NO.  3:19-CV-00907-AGT

ClarkHill\95723\260943238.v2

communication misleads this Court and is sanctionable conduct under Rule 11.

Upon receipt and review of this Motion on October 8, 2020, counsel for Kongsgaard emailed Plaintiff's counsel advising them of the sanctionable conduct and thereafter requested that Plaintiff delay the hearing date on this Motion to allow the parties time to meet and confer. As of the time this Opposition has been filed, no response has been received.[5]

## VI.    CONCLUSION

For the reasons stated above, Kongsgaard respectfully requests that this Court deny Plaintiff's Motion to lift the stay. Should this Court be inclined to lift the stay, Kongsgaard respectfully requests that this Court continue the hearing date on the amendment to coincide with Kongsgaard's forthcoming Motion for Sanctions.

Dated: October 14, 2020                     **CLARK HILL LLP**


                                            By: __/s/ Timothy M. Flaherty_____
                                                Timothy M. Flaherty
                                                Melissa M. Palozola
                                                Attorneys for Plaintiffs and Cross-Defendants,
                                                MARTHA KONGSGAARD, individually and
                                                as Trustee of the Martha Kongsgaard GST
                                                Exempt Trust U/T/A dated October 21, 1993;
                                                JOHN KONGSGAARD and MARY
                                                KONGSGAARD

---

[5] Should this matter proceed as calendared, the Kongsgaards intend to seek Rule 11 sanctions with respect to this Motion against Plaintiff and counsel and respectfully request that this Court continue the hearing on this Motion so that both matters can coincide to be heard on the same day.

**MEMORANDUM IN OPPOSITION TO MOTION FOR LEAVE TO AMEND AND SUPPLEMENT COMPLAINT AND TO TERMINATE STAY OF PROCEEDINGS**
CASE NO.  3:19-CV-00907-AGT

ClarkHill\95723\260943238.v2

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing was filed *via* CM/ECF on October 14, 2020 and as a result has been served on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.


*/s/ Lydia M. Brown*
Lydia M. Brown

15