UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCIS WANG,<br><br>   Plaintiff,<br><br>   v.<br><br>MARTHA KONGSGAARD,<br><br>   Defendant. | Case No. 19-cv-00907-AGT<br><br>**ORDER GRANTING IN PART MOTION TO AMEND AND TO SUPPLEMENT COMPLAINT AND TO TERMINATE STAY OF PROCEEDINGS**<br><br>Re: Dkt. No. 37 |

1. Francis Wang has moved for leave to amend his complaint. He seeks to drop all state-law claims; to replace them with federal civil-rights claims, based on allegations of racial discrimination in private-property dealings; and to add his wife, Laura Young, as a plaintiff and Martha Kongsgaard's husband, Peter Goldman, and two other neighbors, Albert Czap and Brian Peletta, as defendants. Some of the proposed allegations are based on events that took place after Wang filed his original complaint, so he has styled his motion as a request for leave to amend and to supplement his complaint. *See* Fed. R. Civ. P. 15(a), (d).

This case was stayed at the pleading stage, so denial of leave would be warranted only if there was "strong evidence" in the record of undue delay, bad faith, futility, or prejudice. *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013); *see also Keith v. Volpe*, 858 F.2d 467, 473–75 (9th Cir. 1988) (applying similar standard to motion for leave to supplement complaint). The record doesn't include strong evidence of any of these factors.

Kongsgaard argues that Wang's proposed civil-rights claims would be futile and are brought in bad faith, but she hasn't convincingly explained why. She suggests that the evidence of racial animus is nonexistent or limited, but at this stage evidence isn't what matters. District courts must take the allegations as true when evaluating a motion for leave to amend, *see Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018), and Kongsgaard hasn't

explained why Wang's proposed civil-rights claims would be futile if his allegations were true.

Kongsgaard also argues that Wang's request for leave to amend is unduly delayed, because according to her, Wang has had the e-mails on which he bases his new claims for almost a year. Even if that's true, Wang's delay in seeking leave isn't of a kind that would warrant denial of his motion. His motion isn't untimely under the federal rules; and because the case has been stayed, the difference between an amendment now and an amendment a year ago is negligible. Prejudice from the delay hasn't been shown.

Strong evidence of one or more of the *Sonoma County* factors is lacking from the record. Wang's motion for leave to amend and to supplement his complaint is therefore granted.

2. Wang has also moved to lift the stay, which was entered in May 2019 so that a related state-court case could proceed first. *See* ECF No. 29. The state action remains ongoing, and is set for trial in March 2021. Wang nevertheless argues that the stay should be lifted now, because through his amendment he has removed the claims that overlapped between the two cases and thus has reduced or eliminated the risk of inconsistent outcomes.

It's true that the success of Wang's new civil-rights claims may not be tethered to the success of his contract- and property-based claims in the state action. Still, Wang concedes that the two sets of claims "arise out of the same facts and similar circumstances." ECF No. 37 at 8. Given the factual overlap between the two cases, and the approaching trial in the state action, the conservation of resources warrants maintaining the status quo and keeping the stay in place. Wang's request to lift the stay is denied.

3. In her opposition, Kongsgaard argues that Wang and his attorney should be sanctioned for filing a futile and bad faith amended complaint. A motion for sanctions must be filed separately from any other motion, *see* Fed. R. Civ. P. 11(c)(2), so the request for sanctions isn't properly before the Court. In any event, on the current record sanctions wouldn't be warranted.

**IT IS SO ORDERED.**

Dated: October 30, 2020

ALEX G. TSE
United States Magistrate Judge